UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY N. NEWELL,   )
                   )
         Plaintiff,)   Case No. 5:06-cv-77
                   )
v.                 )   Honorable Gordon J. Quist
                   )
KEVIN ESTES et al.,)
                   )
         Defendants.)
_____)

**MEMORANDUM OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Riverside Correctional Facility, but the events giving rise to his complaint took place at the Huron Valley Center (HVC) in Ypsilanti. Plaintiff sues Kevin Estes, Forensic Security Officer at HVC; Rosettus Weeks, Director of HVC; Roger Smith, Director of the Bureau of Forensic Mental Health Services; and Cynthia Kelly, Director of Corrections Mental Health Program. For the reasons set forth below, the Court will dismiss Defendants Smith and Kelly and transfer Plaintiff's action to the Eastern District where venue is proper.

Factual Allegations

Plaintiff alleges that on May 24, 2004, while he was incarcerated at HVC undergoing psychiatric treatment, he was physically assaulted by Defendant Estes. Plaintiff provides the following factual account of the alleged assault:

> On May 24, 2004, Plaintiff left his room to go to the restroom and was confronted by Defendant Estes. Estes asked where he was going and Newell told him. Newell then proceeded to the restroom to relieve himself, while Estes stood in the doorway

>observing him at the urinal. Newell became upset at this invasion of his privacy and exchanged words with Estes when he exited the restroom. Suddenly, unexpectedly and certainly unprovoked, Estes balled his fist and hit Newell in the jaw, knocking him first into a utility cart, then he careened into the wall and collapsed unconscious on the floor. At that point, according to Bureau of Health care records, Newell was restrained, Security was called, and they escorted him to his room.

Compl., Attach. B, 4. Plaintiff claims that he was given an injection of Thorzine after the incident, so he cannot recall the contents of the written statement that he gave to prison officials regarding the assault. The following day, Plaintiff was visited by Mr. Leddy, a Prisoner Rights Advocate. During their conversation, Leddy informed Plaintiff that "Estes has been involved in inappropriate behavior in the past and was not liked by staff, many of whom believed he should not be working with psychiatric patients." *Id.* at 5. The Michigan State Police were contacted regarding the incident, but did not bring charges against Estes.

In addition to his claim that Estes assaulted him, Plaintiff claims that Defendants Smith, Weeks and Kelly failed to protect him from assault by an employee, "especially an employee who was known or should have been known to be unfit to work with or around psychiatric patients." Compl., 4. Plaintiff seeks injunctive relief, as well as monetary damages from each of the Defendants.

### Discussion

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson*

*v. Palmer*, 468 U.S. 517, 526-7 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer v. Brennan*, 511 U.S. at 834; *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). To demonstrate deliberate indifference, an inmate must show that the officials were *subjectively* aware of the risk and disregarded that risk by failing to take reasonable measures to abate it. *Greene*, 361 F.3d at 294. Generally, an isolated attack is insufficient to state an Eighth Amendment claim. *See Stewart v. Love,* 696 F.2d 43, 44 (6th Cir. 1982).

In this case, Plaintiff alleges only an isolated incident of assault involving Estes. While Plaintiff generally asserts that Estes had been involved in "inappropriate behavior" in the past and was "unfit" to work with psychiatric patients, he does not allege that Estes had been involved in any other violent incident with him or any other prisoner at HVC. Plaintiff's assertions fall far short of establishing that Defendants Smith and Kelly, who hold supervisory positions in Lansing, had any subjective awareness that Defendant Estes presented an assaultive risk to Plaintiff. Moreover, Defendants Smith and Kelly cannot be held liable merely by virtue of their supervisory positions. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Because Plaintiff fails to state a claim against Defendants Smith and Kelly, they will be dismissed from this action pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's action occurred at

HVC, which is located in Washtenaw County. Defendants Estes and Weeks are public officials serving in Washtenaw County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Plaintiff's allegations against these Defendants arose in Washtenaw County, where Defendants allegedly committed the acts giving rise to this case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979). Washtenaw County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). In these circumstances, venue is proper only in the Eastern District.

        An Order consistent with this Opinion will be entered.


Dated: June 12, 2006                                          /s/ Gordon J. Quist
                                                                      GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE